United States District Court
Southern District of Texas
**ENTERED**
January 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:20-CR-471-01 |
| | § | |
| ANGELICA RODRIGUEZ | § | |

## **ORDER AND OPINION**

Defendant Angelica Rodriguez requests that the Court reduce her sentence on the grounds that extraordinary and compelling circumstances warrant such relief. (Motion, Doc. 39) Specifically, Rodriguez requests relief due to her "debilitating health conditions" and "medical problems". (*Id.* at 5) Based on the record and the applicable law, the Court concludes that Rodriguez has not demonstrated that extraordinary and compelling reasons support a reduction of her sentence.

### I

In June 2021, the Court sentenced Rodriguez to 50 months in prison after she pleaded guilty to one count of Possession with Intent to Distribute a Quantity More Than 5 Kilograms of Cocaine, that is, Approximately 15.2 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (Judgment, Doc. 37, 1)

Rodriguez is currently serving her sentence at the Federal Correctional Institution, Aliceville, in Pickens County, Alabama. (Motion, Doc. 39, 16)

### II

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." *Id*. at § 3582(c)(1)(A).  In the latter scenario, the defendant need not exhaust available administrative remedies.

Rodriguez has met the requirements of Section 3582(c)(1)(A).  In her Motion, Rodriguez notes that she requested that the Warden submit a motion for compassionate release on October 5, 2021, but did not receive a response.  (Motion, Doc. 39, 3)  As more than 30 days have lapsed since she submitted the request, she has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(1)(A)(i).  No applicable policy statement exists, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582.  *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021).  As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a).  *Id.* at 393.  The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of her request, Rodriguez describes the current state of her health.  (Motion, Doc. 39, 5)  She notes that her preexisting conditions of hypertension, kidney problems, and anemia are "getting worse" because she is "not receiving the treatment" she needs; that she has tested positive for tuberculosis; and that she recently underwent gall bladder surgery.  (*Id.* at 5–6)  And Rodriguez notes that she has six children, who are currently in the care of her mother. (*Id.* at 6)

The Court finds that Rodriguez has not demonstrated that extraordinary and compelling reasons warrant reducing her sentence.  While Rodriguez suffers from health issues, she has not demonstrated that the Bureau of Prisons cannot provide her adequate medical care.  In addition, at least some of Rodriguez's health issues existed at the time of her sentencing, and the Court took those conditions into consideration when issuing its sentence.  (*See* PSR, Doc. 30, ¶ 45)  Similarly, the Court took into consideration Rodriguez's history and characteristics during sentencing, including that she had children.  (*See id.* at ¶¶ 42–44)  While her incarceration adversely impacts her family, that impact does not in itself demonstrate extraordinary and compelling reasons to reduce her sentence.  Finally, Rodriguez has only served approximately one-third of her sentence.

Based on the record, Rodriguez has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief she seeks.

Accordingly, it is:

**ORDERED** that Defendant Angelica Rodriguez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 39) is **DENIED**.

Signed on January 14, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge